CORRIGAN, J., Concurring.
I concur in the result and much of the analysis in the majority opinion, but I disagree with its failure to articulate a clear standard for assessing the unconscionability of arbitration terms in employment agreements.
The majority refers to several formulations but does not settle on a test for unconscionability. It describes an analysis in which the trial court weighs the Berman advantages waived against the benefits of arbitration to decide if the agreement is “unreasonably one-sided.” (Maj. opn., ante, at pp. 1146, 1157.) Justice Chin characterizes this approach as interest weighing and criticizes it as insufficiently deferential to arbitration. Whereas the majority would remand for the trial court to determine unconscionability, Justice Chin would have us decide here that the agreement is not unconscionable.
I agree with Justice Chin that the proper test for determining unconscionability here is whether the terms are “ ‘so one-sided as to “shock the conscience.” ’ ” (Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC (2012) 55 Cal.4th 223, 246 [145 Cal.Rptr.3d 514, 282 P.3d 1217].) Courts are not free to alter terms to which the contracting parties agreed simply because they find the terms unreasonable or ill advised. (American Software, Inc. v. Ali (1996) 46 Cal.App.4th 1386, 1391 [54 Cal.Rptr.2d 477].) The unconscionability defense requires a much stronger showing of unfairness. The majority opinion mentions the “shock the conscience” standard, but only as one of several formulations. (See maj. opn., ante, at p. 1144.) In my view, we should provide clarity here. Courts of Appeal have successfully applied the “shock the conscience” standard to decide whether contractual employment arbitration terms are substantively unconscionable. (See, e.g., Peng v. First Republic Bank (2013) 219 Cal.App.4th 1462; Serpa v. California Surety Investigations, Inc. (2013) 215 Cal.App.4th 695, 703, 710 [155 Cal.Rptr.3d 506].) We should settle on this clear test. Under the “shock the conscience” standard, arbitration provisions are not unconscionable simply because their enforcement will require the employee to forego Berman procedures.
However, unconscionability is a fact-specific defense. Appellate courts are at a disadvantage when the question is not fleshed out in the trial court. Thus, *1173 I agree with the majority that this case should be remanded for the trial court to decide the merits of the unconscionability defense. The majority opinion discusses many considerations to guide the lower court’s analysis. Justice Chin criticizes several of these and faults the majority for requiring “a minitrial on the comparative costs and benefits of arbitration and the Berman procedure” in every case. (Conc. & dis. opn., post, at p. 1188.)
It should be stressed that our decision today does not require trial courts to adopt a new procedure or analytical approach when an unconscionability defense concerns an arbitration provision in an employment contract. Considerations outlined in the majority opinion may be relevant to such an analysis, but lower courts retain discretion to weigh these considerations as appropriate in each particular case. Today’s decision holds only that unconscionability remains a defense to enforcement of an arbitration clause in an employment contract and that, while the relinquishment of Berman procedures is one factor to be weighed in considering unconscionability, this factor alone is not sufficient to support an unconscionability finding.
With this understanding, I join the majority’s decision.